UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------

HILDA L. SOLIS, Secretary of Labor,                      :
United States Department of Labor
                                                         :     C O M P L A I N T
                    Plaintiff,
                                                         :

                    v.                                   :     Civil Action

SAL 79 ASSOCIATES INC., SALVATORE'S CORP.,               :
and COPPOLA'S TUSCAN GRILL LLC, and
SALVATORE COPPOLA, Individually and as Owner             :

                    Defendant                            :

------------------------------------------------------------------



Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of

Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of

1938, as amended, (29 U.S.C. §201, et seq.), ("the Act"), alleging that defendants

violated sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I.

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act

and 28 U.S.C. Sections 1331 and 1345.

II.

Defendant SAL 79 ASSOCIATES INC. is a corporation doing business at

Coppola's Restaurant West, 206 West 79th Street, New York New York 10024, within

the jurisdiction of this Court, where defendant is engaged in the restaurant business.

III.

Defendant SALVATORE'S CORP. is a corporation doing business at Coppola's Restaurant East, 387 Third Avenue, New York New York 10006, within the jurisdiction of this Court, where defendant is engaged in the restaurant business.

IV.

Defendant COPPOLA'S TUSCAN GRILL LLC is a corporation doing business at 500 Route 340, Sparkill New York 10976, within the jurisdiction of this Court, where defendant is engaged in the restaurant business.

V.

Defendant corporations regulate the employment of all persons they employ, act directly and indirectly in the corporations' interest in relation to the employees, and thus are an employer of the employees within the meaning of section 3(d) of the Act.

VI.

Defendant SALVATORE COPPOLA who does business at 206 West 79th Street, New York New York 10024, 378 Third Avenue, New York New York 10006 and 500 Route 340, Sparkill New York 10976 within the jurisdiction of this court, is an officer of defendant corporations, in active control and management of defendant corporations, regulates the employment of persons employed by defendant corporations, acts directly and indirectly in the interest of defendant corporations in relation to the employees, and is thus an employer of the employees within the meaning of section 3(d) of the Act.

## VII.

The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of section 3(r) of the Act.

## VIII.

Defendants employ employees at their places of business in the activities of an enterprise engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of section 3(s) (1)(A) of the Act.

## IX.

Defendants in many workweeks have violated the provisions of sections 6 and 15(a)(2) of the Act by employing many of their employees at rates less than those which are applicable under Section 6 of the Act. Therefore, defendants are liable for unpaid minimum wage compensation and an amount of liquidated damages under Section 16(c) of the Act.

## X.

Defendants in many workweeks willfully and repeatedly have violated the provisions of sections 7 and 15(a)(2) of the Act by employing many of their employees

employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an amount in liquidated damages under section 16(c) of the Act.

## XI.

Defendants in many workweeks willfully and repeatedly, have violated the provisions of sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which it maintained as prescribed by the Regulations issued and found at 29 CFR Part 516; more specifically, the records kept by the defendants failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the regular rate of pay, the total earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

## XII.

Defendants since March 9, 2008, willfully and repeatedly have violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)     For an injunction issued pursuant to section 17 of the Act permanently

restraining defendants, their officers, agents, employees, and those persons in active concert or participation with defendants, from violating the provisions of sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2)     For an order pursuant to section 16(c) of the Act finding defendant liable for unpaid minimum wage and overtime compensation found due defendant's employees listed on the attached Exhibit A and an amount of liquidated damages; and,

(3)    For an order granting such other and further relief as may be necessary

and appropriate.

DATED:    April 3d, 2012
          New York, New York

                                        S/M.Patricia Smith
                                        M. PATRICIA SMITH
                                        Solicitor of Labor

                                        S/Patricia M. Rodenhausen
                                        PATRICIA M. RODENHAUSEN
                                        Regional Solicitor

                                        S/John G. Campbell
                                        JOHN G. CAMPBELL
                                        Counsel for Wage and Hour
                                        JC(2125)

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (646) 264-3667
Fax (646) 264-3660

# EXHIBIT A

## Coppola's Sparkill

Edgar Ayala
Rafael Chavez
Erik D. Conetta
Jenette Crowe
Carlos Diaz-Hernandez
Juan Gomez
Michael Machadu
Edwin S. Mancia
Jonathan Monje
Carlos E. Ramirez
Jordan Saltzbers
Sergio Tejadas
Michael Vasti
Reymundo Zetrino

## Coppola's West

Edgar Ayala
Maria F. Batista
Pedro L. Benitez
Radu Borza
Adriana Bran
Leonadas Cabrera
Mitchel Colucci
David Cregan
Anthony Elizondo
Agustin Flores
Jacqueline Galerne
Agnieszka Gaslor
Francisco Gomez
Juan Gomez
Volha Holik
Silviya Lukanova
Luis H. Macancela
Goran Milutinovic
Luis Minchala
Flaviu Nasarimba
Natalie Nunez
Carlos Omar
Marian Quatu

Placido G. Valdez
Ciprian Varbanclu
Sergio A. Vega

Coppola's East

Louis B. Aguaiza
Miguel Anguisaca
Bruno Caraballo
Francisco Gonzalez
Luis Guallpa
Danielle Harley
Carlos Herrera
Jaime Herrera
Guillermo Juarez
Aaron Kropf
Jose Luis
Florent Maliqi
Juan C. Martinez
John Mduro Palomeque
Andres Mejia Sanchez
Albino Melendez
Luis Mendieta
Javier Miranda Saldivar
Agon Pireva
Gjek Plumaj
Sergio Rodriguez
Macario Rojas
Tanush Sejdiu
Ivan Tapia
Julio Tellez